United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40082
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO MERAZ-LARES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-573
---------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Francisco Meraz-Lares (Meraz) pleaded guilty to an indictment charging him with being found illegally in the United States following a previous deportation. Meraz contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), because those provisions treat prior convictions as sentencing factors rather than elements of an offense. The Government contends that Meraz waived the right

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to assert this question in his plea agreement.  We assume, _arguendo_ only, that the waiver does not bar the instant appeal.

Meraz' constitutional challenge is foreclosed by _Almendarez-Torres v. United States_, 523 U.S. 224, 235 (1998). Although he contends that _Almendarez-Torres_ was incorrectly decided and that a majority of the Supreme Court would overrule _Almendarez-Torres_ in light of _Apprendi_, we have repeatedly rejected such arguments on the basis that _Almendarez-Torres_ remains binding.  See _United States v. Garza-Lopez_, 410 F.3d 268, 276 (5th Cir.), _cert. denied_, 126 S. Ct. 298 (2005).  Meraz properly concedes that his argument is foreclosed in light of _Almendarez-Torres_ and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.